UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURL EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>CINDY BLACK,<br><br>    Respondent. | Case No. 22-cv-01723-VC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 7 |

Burl Evans, who is being held in Napa State Hospital, has filed a petition for a writ of habeas corpus under 28 U.S.C. section 2254. Dkt. No. 1. Evans' motion for leave to proceed in forma pauperis is denied as moot because he has paid the $5.00 filing fee. *See* Dkt. No. 9.

According to the petition, Evans received a judgment from the Contra Costa County Superior Court of indefinite civil commitment. Dkt. No. 1 at 1. Evans also maintains that he is a pretrial detainee whose constitutional rights are being violated during an ongoing case. *Id*. Specifically, he asserts: (1) that he is receiving ineffective assistance of counsel; (2) his rights under *Miranda* are being violated by the failure to allow him to have an attorney present during interrogations by Napa Hospital staff; (3) compelling him to engage in discussions of his crime outside the presence of an attorney prevents him from receiving a fair trial; and (4) his rights are being violated by the discriminatory application of California Penal Code § 1370, which unfairly discriminates against poor defendants. *Id*. at 4-5. It is not clear from the petition whether Evans has been convicted or is awaiting trial.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). If a person is not currently confined pursuant to a final decision, or "judgment," of the superior court, the petition must be construed as arising under 28 U.S.C. section 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

It is not clear from the face of the petition whether Evans is entitled to relief. *Id*. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and the Attorney General of the State of California at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Evans.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Evans an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Evans wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Evans a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Evans shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Evans a reply within fourteen days

of receipt of an opposition.

4. It is Evans' responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

6. This order terminates docket number 7.

**IT IS SO ORDERED.**

Dated: June 29, 2022

VINCE CHHABRIA
United States District Judge