UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURL EVANS,<br><br>        Petitioner,<br><br>    v.<br><br>CINDY BLACK,<br><br>        Respondent. | Case No. 22-cv-01723-VC<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 15, 16 |

Burl Evans, a pretrial detainee being held in Napa State Hospital, has filed a petition for a writ of habeas corpus. Dkt. No. 1. The respondent had filed a motion to dismiss, arguing that Evans is barred from seeking relief in federal court under the abstention doctrine. Dkt. No. 15 at 1. The motion to dismiss is granted. The respondent has also filed a motion to file documents under seal, which is granted. *See* Dkt. No. 16.

**PROCEDURAL BACKGROUND**

In December 2019, the Contra Costa County District Attorney filed an information against Evans charging him with assault with a deadly weapon, a great bodily injury enhancement, and additional allegations relating to his past criminal conduct. Dkt. No. 15 at 7-9, Ex. 1. In May 2021, Evans was found incompetent to stand trial by the state superior court, and upon recommendation by the county department of mental health, Evans was committed to the California Department of State Hospitals (DSH) for inpatient treatment and restoration of competency. *Id.* at 12-18, Exs. 2-3. In November 2021, the superior court issued an order that Evans may be involuntarily administered antipsychotic medication by the DSH. *Id.* at 20-21, Ex. 4. In March 2022, the DSH provided a report to the state superior court concluding that Evans

was not yet competent to stand trial and should be retained for further treatment, but also noted a substantial likelihood that Evans would achieve trial competence in the foreseeable future. Dkt. No. 16-4 at 3, Ex. 6.

Evans then filed a habeas petition asserting the following claims: (1) that he is receiving ineffective assistance of counsel in his current case; (2) his rights under *Miranda* are being violated by the failure to allow him to have an attorney present during "interrogations" by Napa Hospital staff; (3) compelling him to engage in discussions of his crime outside the presence of an attorney prevents him from receiving a fair trial; and (4) his rights are being violated by the discriminatory application of California Penal Code § 1370 — which provides that defendants found mentally incompetent must be admitted to a mental health hospital or other treatment facility — because it unfairly discriminates against poor defendants. *Id.* at 4-5.

## DISCUSSION

A petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. However, principles of comity and federalism require federal courts to abstain and not entertain a petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). "Special circumstances" warranting federal intervention include cases of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps other extraordinary circumstances where irreparable injury can be shown." *Id.* at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Evans fails to demonstrate bad faith on the part of the prosecution or that he will suffer irreparable injury by waiting to assert his claims of ineffective assistance of counsel, violation of *Miranda,* and the discriminatory application of California Penal Code § 1370. It also does not appear that these claims have been exhausted, nor has Evans shown that the exhaustion

requirement should be waived. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) (explaining that for petitions arising under 28 U.S.C. section 2241, a federal court has "discretion to waive the exhaustion requirement when it is prudentially required" as opposed to statutorily mandated, but that "discretion is not unfettered," and the federal court must make findings as to why the exhaustion requirement "has been satisfied or properly waived.")

The fact that Evans' is being held at Napa state hospital and being forced to discuss the details of his crime without the help of his attorney can and should be addressed in the first instance by the state trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus. The motion to dismiss is therefore granted without prejudice to refiling a habeas petition if special circumstances arise, or to refiling under 28 U.S.C. § 2254 after all state proceedings, including appeal, are completed.[1]

## CONCLUSION

For the reasons set forth above, the respondent's motion to dismiss the petition is granted. The petition is dismissed without prejudice. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The motion to file under seal is granted. The clerk is directed to terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: December 20, 2022

VINCE CHHABRIA
United States District Judge

---

[1] Evans does not raise a claim related to the state's efforts to restore him to competency through medication, nor is there any indication that he has made such a claim in the state court system.